# Decisions of the Supreme Court of Missouri,

## JACKSON DISTRICT, SEPTEMBER TERM, 1829.

### DAVIS v. CLAY, EXECUTOR OF MORRISON.

1. An agreement that land should be chargable with, and a security for the payment of a debt, though not a legal is yet an equitable mortgage.
2. A purchaser with notice of the land subject to such incumbrance will not be protected in equity.

APPEAL IN CHANCERY, from Ste. Genevieve Circuit Court.

WASH, J., delivered the opinion of the Court.

In this cause a bill was filed by the complainant against the defendant and one Scott, to foreclose a mortgage, &c. The Circuit Court decreed the foreclosure, sale, &c., from which Davis appealed to this Court.

The facts are, that on the 23d of June, 1821, the above named defendant, Scott, executed a covenant, *real* mortgage, or instrument in writing, to the testator, Morrison, in the words following, to wit: "To all to whom these presents shall come: Whereas, I, John Scott, of the county of Ste. Genevieve and State of Missouri, am justly indebted to Col. James Morrison, of the county of Fayette, in the State of Kentucky, in the sum of three thousand eight hundred and thirty-eight dollars and sixty-six cents, lawful money of the United States, to bear interest from the date hereof; for which sum, said Scott has executed his note of equal date with these presents, till full and perfect payment. Now know ye, for the better securing unto the said Morrison, his heirs and assigns, the full and perfect payment of the said sum, on or before the first day of March next ensuing ; that I, the said John Scott, for (162) myself, my heirs, executors and administrators, do covenant, promise and agree to and with the said James Morrison, his heirs, executors, administrators and assigns,

Davis *v.* Clay.

that the undivided interest of one third part of, in and to, a certain tract of land, known by the name of the Saline tract, in the county of Ste. Genevieve and State of Missouri, owned in common with Henry Dodge and the heirs of Edward Hempstead, containing about twelve thousand arpents more or less, being the same that was purchased by said Dodge, Hempstead and Scott, as the property of Mr. Peyroux; and also, as the property of Mr. Maxwell, as by deeds of record will fully appear, and every part and parcel thereof shall stand charged and chargeable with, and stand, continue, and be a security unto him the said Morrison, his heirs, executors, administrators and assigns, as well for the payment of the principal as the interest thereon, until the same shall be fully and finally paid and satisfied according to the true intent and meaning of these presents; reserving, however, to the said John Scott, his heirs and assigns, the rents and profits of the said land and saline, above and before *securited* and mortgaged," &c.; which was regularly acknowledged and recorded on the day of its date, and of which the defendant Davis had full notice; that after the execution of said instrument in writing, a judgment was obtained against said Scott, under which the premises were seized and sold to the defendant Davis, for the consideration of one dollar.

The questions presented for consideration are,

First. Whether the instrument be valid as a legal mortgage, &c.?

Second. If not a mortgage in law, whether it can be an equitable lien?

The instrument is imperfect and defective as a legal mortgage, but it may well be regarded as an equitable mortgage.

An agreement respecting real estate, for good consideration, *imposes* a lien as against persons having notice, &c. 4 *Brown ch. s.* 31–4, *Brow. ch.* 462, *P. Wms.* 282 and 429. If an equivalent be given, though the contract be not executed with all the formalities of law, yet in equity, the use is in the purchaser, &c., *Gibb.* uses 49 eq. 30.

The decree of the Circuit Court is, therefore, correct, and must be affirmed, with costs.